**KEPNER, KEPNER & CORBA, P.C.**
ATTORNEYS AT LAW
123 West Front Street
Berwick, Pennsylvania 18603
570-752-2766 - Phone
570-752-7894 - Fax

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LEE HEILIG, JR., and SABRINA DORMAN, | : | CIVIL ACTION - LAW |
| PLAINTIFFS, | : | NO: |
| VS. | : | |
| CITY OF SUNBURY, JEFFREY WOJCIECHOWSKI, TREY KURTZ, RICHARD REICHNER, JOHN BARNHART, LISA MARTINA, JAMES EISTER, CHRIS REIS, JOSHUA A. BROSIOUS, KEVIN TROUP, KURT KARLOVICH, and JOLINN BARNER, | : | ELECTRONICALLY FILED |
| DEFENDANTS. | : | JURY TRIAL DEMANDED |

### COMPLAINT

The Plaintiffs, DONALD LEE HEILIG, JR., and SABRINA DORMAN, by and through their attorneys, FRANKLIN E. KEPNER, JR., ESQUIRE, and KEPNER, KEPNER & CORBA, P.C., hereby complain of the Defendants as follows:

1. The Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. § 1331 because the claims raise federal questions under 42 U.S.C. § 1983. Plaintiffs further invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under state law, because these claims form part of the same case and

-1-

controversy as the claims brought pursuant to 42 U.S.C. § 1983.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which the claims asserted herein arose.

3. All actions complained of herein have taken place within the jurisdiction of the United States District for the Middle District of Pennsylvania, and all actions involve the Plaintiff's and the Defendants who reside within this jurisdiction or are authorized to do business within this jurisdiction.

4. During all times germane hereto, the Plaintiffs, Donald Lee Heilig, Jr., ("Heilig") and Sabrina Dorman ("Dorman")(collectively, "Plaintiffs"), were citizens of the United States of America. During all times mentioned herein, the Plaintiffs resided at 630 North 7th Street, Sunbury, Northumberland County, Pennsylvania.

5. During all times germane hereto, the Defendant, City of Sunbury (the "City", is a Pennsylvania municipal corporation with principal business offices located at 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

6. During all times germane hereto, the Defendant, Jeffrey Wojciechowski ("Wojciechowski"), was and is the Code Department Supervisor with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

7. During all times germane hereto, the Defendant, Trey Kurtz ("Kurtz"), was and is a City of Sunbury Police Officer with a business address of

440 Market Street, Sunbury, Northumberland County, Pennsylvania.

8. During all times germane hereto, the Defendant, Richard Reichner ("Reichner") was and is a Council member with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

9. During all times germane hereto, the Defendant, John Barnhart ("Barnhart") was and is a Council member with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

10. During all times germane hereto, the Defendant, Lisa Martina ("Martina") was and is a Council member with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

11. During all times germane hereto, the Defendant, James Eister ("Eister") was and is a Council member with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

12. During all times germane hereto, the Defendant, Chris Reis ("Reis") was a Council member with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

13. During all times germane hereto, the Defendant, Joshua A. Brosious ("Brosious") was and is the Mayor with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

14. During all times germane hereto, the Defendant, Kevin Troup ("Troup") was and is the City Treasurer with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

15. During all times germane hereto, the Defendant, Kurt Karlovich ("Karlovich") was the Mayor with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

16. During all times germane hereto, the Defendant, Jolinn Barner ("Barner") was and is the City Clerk with a business address of 225 Market Street, Sunbury, Northumberland County, Pennsylvania.

17. The Plaintiffs have been residing together at 630 North 7th Street, Sunbury, Pennsylvania for in excess of four (4) years.

18. Heilig is of Caucasian dissent.

19. Dorman is of African-American dissent.

20. The Plaintiffs are an interracial couple.

21. In April or May 2021, code enforcement officers Joseph Swope ("Swope") and Wojciechowski came to the residence of the Plaintiffs and stood outside on the sidewalk in front of the home. Swope picked up one of the bricks from the home and stated "this needs to be fixed." At that point Swope and Wojciechowski, came onto the porch at 630 N. 7th Street in Sunbury. Swope asked if Heilig was home. Dorman stated that he was not home but was out at an appointment. Wojciechowski then asked Dorman what her name was. She replied that she was Sabrina. Wojciechowski, then asked Dorman how old she was. She replied that she was twenty-two (22).

22. Wojciechowski then asked Dorman if she paid rent. She replied in the negative and stated that she was dating Heilig. In response, Wojciechowski,

gave Dorman a strange look and asked her where she slept at night. Dorman responded that she slept in Heilig's room and in his bed. In response, Wojciechowski looked at her strangely, turned around and walked down the stairs. Wojciechowski advised her to tell Heilg to get in contact with him.

23.     Around the end of May in 2021, Dorman was working at Heilig's store when Heilig was out of the office. Wojciechowski came in and started asking her questions as to why she was there. He asked if she was working for Heilig and he asked her whether she was getting paid to work there. When Dorman said that she was volunteering, he left the store.

24.     Thereafter, in September 2021, Heilig made a complaint about Wojciechowski and the aforementioned incidents to the Mayor's office.

25.     Within a few minutes of leaving the Mayor's office, Heilig received a phone call on his cell phone from Wojciechowski. Wojciechowski stated that he was not trying to cause problems, but if he was, he would take measurements of Heilig's sidewalk, and that Heilig should cut down a tree near his home or Wojciechowski would start fining him.

26.     Approximately six (6) days after making the complaint the home occupied by the Plaintiffs was placed on the City's, nuisance list with the threat of demolition. All of the lien holders on the Plaintiffs' property were notified that the Plaintiffs' property has been placed on the nuisance list. This caused the Plaintiffs' insurance to be canceled and caused a threat that any lien holders on the Plaintiffs' property could or would accelerate all monies due. The City began an action to try

to seize the Plaintiffs' home through eminent domain. The Plaintiffs requested a hearing to challenge the fact that the home had been placed on the City's nuisance list but has not received a hearing for over a year.

27. Thereafter, Wojciechowski, on behalf of the City of Sunbury, began a course of conduct to harass the Plaintiffs by filing complaints and citations against the Plaintiffs, even though individuals owning or renting similar properties in the City have not been subject to legal action by the City or Wojciechowski.

28. On or about November 18, 2022, the Court held a hearing on various charges that had been filed against Heilig. One day after the hearing, Wojciechowski approached Cheriko Martin who was one of the Plaintiffs' tenants at his building located at 630 N. 7th Sreet, Sunbury, Pennsylvania and who had testified at the hearing. Wojciechowski told Mr. Martin that he should move out as soon as possible because he would be homeless because Wojciechowski was going to take the Plaintiffs' home. Another tenant, Tina Stump, moved out of the same household owned by Heilig on February 1, 2023, because she told Heilig that she has become frightened because Wojciechowski slows down in front of the Heilig residence daily and waves to her. Wojciechowski also approached Heilig's son and asked him whether he felt safe living near Heilig, who Wojciechowski said was a lunatic who had lit his camper on fire.

29. The actions of Wojciechowski and the City and its Council is based on the fact that the Plaintiffs are a mixed race couple. They are treated differently

than similarly situated couples who are not mixed race couples who live in the City.

30. For example, the Plaintiffs have been cited numerous times on various dates for alleged infractions in regard to their property, including vehicles parked on their property, rental permits required, storage of inoperable motor vehicles, and accumulation of rubbish or garbage. Similarly situated individuals who are not mixed race couples are not prosecuted as the Plaintiffs have been. A list of the citations filed against Heilig is attached hereto and made a part hereof and marked Exhibit "A." A list of violations existing on other properties in the City where the individuals are not mixed race couples and have not therefore been harassed is attached hereto and made a part hereof and marked Exhibit "B."

31. The City, by and through its Council has been aware of the discriminatory conduct toward the Plaintiffs and the attempts to intimidate and harass the Plaintiffs, and has condoned and/or acquiesced in the unconstitutional gross discrimination of the Plaintiffs.

32. The Defendants have selectively enforced city ordinances against the Plaintiffs in a discriminatory manner based on race and the fact that the Plaintiffs are an interracial couple.

33. The Plaintiffs have been treated differently than similarly situated residents in the City and the conduct of the Defendants toward the Plaintiffs was arbitrary and capricious and serves no rational purpose.

34. The Defendants' treatment of the Plaintiffs violated the Plaintiffs'

rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

35. As a direct and proximate cause of the discriminatory treatment, the Plaintiffs have suffered emotional and psychological injuries and may continue to suffer the same for an indefinite time in the future to their detriment and loss.

36. As a direct and proximate cause of the unconstitutional conduct the Plaintiffs have suffered humiliation, loss of reputation, loss of enjoyment of life, loss of enjoyment and use of their property, mental anguish and emotional distress and may continue to suffer the same for an indefinite time in the future to their great detriment and loss.

37. As a direct and proximate cause of the aforementioned unconstitutional conduct by the Defendants, the Plaintiffs have incurred costs and expenses, including loss of time from work defending frivolous citations to their detriment.

## COUNT I
## RACIAL DISCRIMINATION
## EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

38. Paragraphs one (1) through thirty-seven (37) are incorporated herein by reference, as though each were fully set forth herein at length.

39. Plaintiffs, as an interracial couple, are a protected class under the Equal Protection Clause of the Fourteenth Amendment.

40. The Defendants intentionally and purposefully enforced the City laws and ordinances selectively and in a discriminatory manner against the Plaintiffs.

41. The Defendants selectively and discriminatorily enforced the City's laws and ordinances against the Plaintiffs based on their race, and more specifically, based on their status as an interracial couple.

42. Selective enforcement in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution occurs when (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

43. Similarly situated, non-interracial couples/residents of the City were treated differently than the Plaintiffs.

44. As a direct and proximate result of the Defendants' intentional and purposeful racial discrimination against the Plaintiffs, the Plaintiffs suffered injuries that are described above.

45. The Defendants acted maliciously and in bad faith to injure the Plaintiffs.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiffs demand compensatory and punitive damages against the Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

## COUNT II
## CLASS OF ONE DISCRIMINATION
## EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

46. Paragraphs one (1) through forty-five (45) are incorporated herein by reference, as though each were fully set forth herein at length.

47. The Defendants' selective enforcement of the City's laws and ordinances against the Plaintiffs was arbitrary and capricious and done to intentionally discriminate against the Plaintiffs.

48. The Defendants treated the Plaintiff's differently than similarly situated residents/homeowners in the City regarding the enforcement of the City's laws and ordinances.

49. The Defendants had no rational basis to treat the Plaintiffs differently than similarly situated residents/homeowners in the City regarding the enforcement of the City's laws and ordinances.

50. As a direct and proximate result of the Defendants' arbitrary and capricious enforcement of the law against the Plaintiffs, the Plaintiffs suffered injuries that are described above.

51. The above-described actions of the Defendants was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, jointly and/or severally

in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

## COUNT III
## ARBITRARY AND CAPRICIOUS INTERFERENCE WITH PROPERTY DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

52. Paragraphs one (1) through fifty-one (51) are incorporated herein by reference, as though each were fully set forth herein at length.

53. The Plaintiffs have a protected liberty/privacy right in their marriage.

54. The Plaintiffs have a protected property interest in their home at 630 N. 7th Street in the City of Sunbury, Pennsylvania.

55. The Defendants interfered with the Plaintiffs' constitutional right to marriage and property by causing the City Officers and code enforcement agents to constantly go the Plaintiffs' house to see if they could be cited for some alleged City ordinance violation because they were an interracial couple.

56. The constant harassment, discrimination, intimidation and selective enforcement have become so bad, that Plaintiffs are afraid to use their backyard, because it can be viewed by Wojciechowski, who has sneaked around the Plaintiffs' home.

57. In addition, Defendants have used their authority to interfere with Heilig's business.

58. Wojciechowski often drives past Heilig's business in an attempt to intimidate him.

59. Defendants' actions toward the Plaintiffs are so arbitrary and capricious that they have substantially interfered with the Plaintiffs' right of liberty/privacy and the use and enjoyment of their property, as guaranteed by the Due Process Clause of the Fourteenth Amendment.

60. Defendants' actions toward the Plaintiffs have been so egregious and so persistent as to cause a taking of their property under the Due Process Clause.

61. As a direct and proximate result of the Defendants' arbitrary and capricious conduct against the Plaintiffs, the Plaintiffs suffered injuries that are described above.

62. The above-described actions of the Defendants was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

## COUNT IV
## PLAINTIFF V. TREY KURTZ

63. Paragraphs one (1) through sixty-two (62) are incorporated herein by reference, as though each were fully set forth herein at length.

64. On or about June 16, 2022, Defendant Kurtz filed a criminal

-12-

complaint against Plaintiff Heilig, because Heilig had openly recorded the Fire Chief Ronald Rupp, Jr. ("Rupp"), when Rupp was on the Plaintiff's property.

65. Fire Chief Rupp is a public official who was on Plaintiff Heilig's property in full public view.

66. Heilig advised Rupp that he was recording him with his telephone.

67. It is settled law that Plaintiff Heilig has a constitutional right to video record public officials on his property.

68. Despite the fact that Plaintiff Heilig has a constitutional right to record public officials on his property, Defendant Kurtz arrested Heilig, who was incarcerated in the Northumberland County Prison overnight before charges against him were dismissed.

69. Defendant Kurtz knew or should have known that Heilig had a constitutional right to video record public officials on his property.

70. Defendant Kurtz violated the Plaintiffs rights under the Fourteenth Amendment to the Constitution of the United States by arresting Heilig so that he was incarcerated.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

## COUNT V
## MONELL CLAIM
## PLAINTIFFS V. CITY OF SUNBURY

71. Paragraphs one (1) through seventy (70) are incorporated herein by reference, as though each were fully set forth herein at length.

72. The Plaintiffs believe and therefore aver that the City has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence in the abuse of the power by the code enforcement officers to selectively enforce the City ordinances against the Plaintiffs because of their race, which policy, practice and/or custom violates the Fourteenth Amendment to the United States Constitution.

73. The City has been maliciously, willfully, recklessly and deliberately indifferent to the Plaintiffs' rights to be free from racial discrimination and arbitrary and capricious conduct in the enforcement of city ordinances, which violates the Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

74. The City, by and through its governing body, has known of this unconstitutional action for years and has done nothing to stop it.

75. In addition, Wojciechowski has interfered with Heilig's business and has interfered with his liberty/privacy and enjoyment of his property, as guaranteed by the Due Process Clause of the Fourteenth Amendment.

76. The City failed to properly train the members of the code enforcement department and as a result, the Plaintiffs suffered damages as set forth above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

KEPNER, KEPNER & CORBA, P.C.

/s/ Franklin E. Kepner, Jr.
BY:_____
FRANKLIN E. KEPNER, JR., ESQUIRE
123 WEST FRONT STREET
BERWICK, PA  18603
(570) 752-2766
ID #26156

/s/ Franklin E. Kepner III.
BY:_____
FRANKLIN E. KEPNER III., ESQUIRE
123 WEST FRONT STREET
BERWICK, PA  18603
(570) 752-2766
ID #323158

S:\Clients 8500 to 8999\8507 Heilig, Donald\PLEADINGS\Complaint.wpd